IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID SCOTT GOLDSTEIN, #454530,   *

    Plaintiff,   *   Case No.: GJH-18-596

v.   *

MR. JOHN MARSHALL, HENRICO VA.
  COUNTY JUDGE   *

    Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

On February 26, 2018, the Clerk received for filing the above-captioned self-represented "Order for Lawsuit to be Filed" from David Scott Goldstein, who is detained at the Baltimore County Detention Center (BCDC) in Towson, Maryland. ECF No. 1. Goldstein claims that he was a "victim of malice" as a "corrupt lawyer and judge" "made bad decisions."[1] He claims that he received a citation for "no license" on September 23, 2016, but his driver's license was valid until September 30, 2016. Goldstein also states that he was sentenced to a six month term on an eluding charge but alleges that he immediately pulled over when he saw the "blue lights" from the police vehicle. He contends he was not guilty of any crimes in the Commonwealth of Virginia. ECF No. 1 at 1.[2] Goldstein seeks $2,000,000.00 in damages. *Id.*

The Court construes Goldstein's "Order," alleging civil rights violations and seeking monetary relief, as a 42 U.S.C. § 1983 complaint for damages. However, Defendants are all

---

[1] At the bottom of the "Order," Goldstein names Henrico County Judge Johnson. ECF No. 1 at 1. In his attached civil cover sheet, however, Goldstein names Judge John Marshall as a Defendant. ECF No. 1-1.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

located in Virginia and all events which gave rise to Goldstein's claims occurred in Virginia. Under Title 28 U.S.C. § 1391(b), a civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In enacting § 1391(b), it is evident that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among different districts. Rather, Congress intended to restrict venue to "either the residence of the defendants or to a place which may be more convenient to the litigants—*i.e.*, both of them—or to the witnesses who are to testify in the case." *Leroy v. Great Western United*, 443 U.S. 173, 185 (1979) (internal citation omitted). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id.* at 183–84.

The named Defendants are located in Virginia. Further Goldstein's arrest, prosecution and incarceration occurred in Henrico County, Virginia. The underlying case has no connection to Maryland. Assuming, without deciding, that Goldstein has stated a colorable 42 U.S.C. § 1983 civil rights allegation, the claim should be brought in the Eastern District of Virginia. 28 U.S.C. § 1406(a). *See In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (unpublished) (when confronted with a case laying venue in the wrong district, district court is

statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

Nonetheless, the Court finds that it would not be in the interests of justice to transfer the case in its current form. Instead, the complaint will be summarily dismissed without prejudice to allow Goldstein to refile the matter in the appropriate court.[3] Therefore, it is hereby **ORDERED**, by the United Stated District Court for the District of Maryland, that:

1. The Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;
2. Plaintiff's Motion to Proceed without Prepaying Fees or Costs, ECF No. 2, **IS GRANTED**;
3. The Clerk **SHALL CLOSE** the case; and
4. The Clerk **SHALL MAIL** a copy of this Order and a 42 U.S.C. § 1983 Complaint packet to Plaintiff.

Dated: April 27, 2018

_____
GEORGE J. HAZEL
United States District Judge

---

[3] The Court offers no opinion on the sufficiency or merits of the Complaint as presented, but advises Goldstein that he may refile his complaint in the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III & Robert R. Merhige, Jr. U.S. Courthouse, 701 Broad Street, Suite 3000, Richmond, Virginia 23219. He shall be provided the forms to so do.

3